UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RONNIE A. LYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-474 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on the Report and Recommendation (the "R&R") [Doc. 25] entered by United States Magistrate Judge H. Bruce Guyton on April 13, 2010. In the R&R, Magistrate Judge Guyton recommended that Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [Doc. 20] be granted and a judgment awarding plaintiff the amount of $1,213.10 for attorneys fees be entered. The defendant Michael J. Astrue, Commissioner of Social Security (the "Commissioner") filed an objection to the R&R [Doc. 26].

As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this Court has undertaken a *de novo* review of those portions of the R&R to which the Commissioner objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In considering the Commissioner's objection to the Magistrate Judge's R&R, the Court has independently reviewed the entire record, including the R&R and the administrative record. For the reasons that follow, the Commissioner's objection will be sustained.

On August 3, 2009, plaintiff filed a motion for attorney fees under the EAJA [Doc. 20]. On August 14, 2009, the parties filed joint stipulations, in which they agreed that plaintiff was entitled to attorney fees under the EAJA in the amount of $863.10, and costs in the amount of $350.00. The Court then directed counsel for plaintiff to file an amended declaration [Doc. 24] in support of plaintiff's motion for EAJA fees. Upon plaintiff's filing of the amended declaration, Magistrate Judge Guyton entered the R&R [Doc. 25], recommending that this Court award "Plaintiff the amount of $1,213.10 for attorneys fees." [*Id.*, p. 3]. In the R&R, the Magistrate Judge acknowledged that the amount of $1,213.10 represented the combined amounts of attorney fees ($863.10), plus costs ($350.00) [*Id.*, p. 1].

The objection of the Commissioner is not to the substance of the R&R, but to the language used to express the recommended award. The Commissioner asserts that if the Court were to adopt the language in the R&R, it would prevent the government from complying with the Court's directive. The Commissioner asserts that the two different federal agencies that make the payments in compliance with the Court's order must look to the specific wording of the relevant order to dictate the terms of payment. The Commissioner asserts that when an order combines the amounts of attorney fees and costs, the two agencies cannot presume, on their own, to determine the particular portion of the award for which each is responsible. Accordingly, the Commissioner requests that the Court grant plaintiff's motion for attorney fees under the EAJA by separately setting out the

amount of attorney fees and the amount of costs in its judgment. The Commissioner submits that counsel for plaintiff agrees with the Commissioner's position.

The Court finds the Commissioner's objection to be well taken. Thus, while the Court is not overruling the R&R in substance, it is overruling the R&R to the extent that it will change the specific language setting out the judgment to be awarded to plaintiff. Accordingly, and for the reasons given, the Court will sustain the Commissioner's objection to the R&R [Doc. 26]; overrule the R&R to the extent stated herein [Doc. 25]; grant plaintiff's motion for attorney fees under the EAJA [Doc. 20]; and award plaintiff a judgment of $863.10 in attorney fees and $350.00 in costs. An appropriate order will be entered.

ORDER ACCORDINGLY.

                                                s/ Thomas A. Varlan
                                                UNITED STATES DISTRICT JUDGE